[Crim. No. 2999. In Bank.—June 17, 1927.]

In the Matter of the Application of FELIPE LUNA for a Writ of Habeas Corpus.

[1] COURTS—MUNICIPAL COURTS—JURISDICTION—CONSTRUCTION OF CONSTITUTION.—Under the constitution, jurisdiction may be given to a municipal court of all misdemeanors, high and low, arising anywhere in the county where such court is established, there being no inhibition against the same in section 11 of article VI of the constitution, as amended in 1923.

[2] CRIMINAL LAW—FELONIES AND MISDEMEANORS.—The law of this state divides crimes into felonies and misdemeanors, and high and low grade misdemeanors as such are not known to it. The name is a relic of the common law, and no legal reason exists or can be imagined under our system for a constitutional distinction between classes of misdemeanors.

[3] COURTS—JURISDICTION OF SUPERIOR COURT.—As to all misdemeanors committed in counties having one or more municipal courts, the superior court has been bereft of its jurisdiction thereof, and as

———

1.   See 7 Cal. Jur. 704.
3.   See 7 Cal. Jur. 899.

to all such misdemeanors, high and low, so committed, the municipal court or courts have original jurisdiction thereof. The fact that the civil jurisdiction conferred upon municipal courts may not be so broad as that applicable to misdemeanors furnishes no insuperable argument against this conclusion.

(1) 12 C. J., p. 817, n. 5.    (2) 16 C. J., p. 55, n. 54, p. 58, n. 83. (3) 16 C. J., p. 152, n. 68; 36 Cyc., p. 1110, n. 56.

APPLICATION for a Writ of Habeas Corpus. Writ granted and petitioner discharged.

A. F. Folsom and Richard L. North for Petitioner.

Asa Keyes, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

PRESTON, J.—Petitioner was convicted in the superior court of the county of Los Angeles for a violation of the statute known as the Wright Act (Stats. 1921, p. 79) (a high misdemeanor). He seeks his discharge through *habeas corpus* upon the ground that jurisdiction of said offense has been divested out of the superior court and invested exclusively in the municipal courts of said county.

Upon this identical conviction petitioner sought his discharge from the district court of appeal, second appellate district, division two. Said matter was heard by that court in conjunction with a similar case and opinion therein delivered sustaining the jurisdiction of the superior court (*People* v. *Denault,* 81 Cal. App. 1 [253 Pac. 151]). While we are unable to concur in the conclusion of said court, we are satisfied with a portion of the decision and adopt the same as a part hereof as follows:

"There are in the county of Los Angeles two municipal courts. Appellant was convicted of what is termed a high grade misdemeanor. The alleged offense was committed in territory of the county which lies outside the territory of the cities within which, respectively, the municipal courts hold their sessions. The ultimate question presented for decision is whether the superior court had jurisdiction of the offense. It is conceded by the parties—and correctly so— that a justice's court has no jurisdiction of such misdemeanors as that with which appellant was charged.

"Section 28 of the act of the legislature concerning municipal courts (Stats. 1925, p. 648) provides: 'Each municipal court shall have original jurisdiction in all criminal cases amounting to misdemeanor, punishable by fine or imprisonment in the city or city and county, or county jail, or punishable by fine or such imprisonment where the offense charged was committed within the county in which the municipal court is established.' Section 1462 of the Penal Code reads in part: 'Whenever a municipal court shall have been established, . . . such court shall have exclusive jurisdiction of all misdemeanors punishable by fine or by imprisonment, or by both such fine and imprisonment, committed in the city . . . where such municipal court is held. . . . In each city wherein a municipal court shall have been established, such courts shall also have jurisdiction over any misdemeanor committed in the county in which such city is located.'

"These enactments of the legislature, if they do not infringe the provisions of the Constitution, confer upon the municipal courts a jurisdiction over such offenses as that with which appellant was charged, laying aside for the moment the question whether the jurisdiction so attempted to be conferred is exclusive, or whether it is concurrent with a jurisdiction resting in the superior court. The jurisdiction over such charges was without doubt vested in the latter courts before the passage by the legislature of the enactments mentioned.

"Sections 1, 5 and 11 of article VI of the Constitution are material to a discussion of the questions which arise upon the appeal.

"Section 1 reads: 'The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts of appeal, superior courts, such municipal courts as may be established in any city or city and county, and such inferior courts as the legislature may establish in any incorporated city or town, township, county or city and county.' (Stats. 1923, p. 1678.)

"Section 5 provides, in part: 'The superior courts shall have original jurisdiction . . . in all criminal cases amounting to a felony, and in all cases of misdemeanor not otherwise provided for. . . . ' (Stats. 1923, p. 1678.)

"Portions of section 11 follow: 'In any . . . city which is governed under a charter . . . containing a population of more than forty thousand inhabitants, . . . a municipal court may be established as in this article provided, anything in this constitution to the contrary notwithstanding. . . . Municipal courts shall have original jurisdiction . . . in all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to one thousand dollars or less, and of actions of forcible or unlawful entry or detainer where the rental value is one hundred dollars or less per month, and where the whole amount of damages claimed is one thousand dollars or less, and in cases to enforce and foreclose liens on personal property where the amount of such liens or the value of the property is one thousand dollars or less, and in all criminal cases amounting to a misdemeanor punishable by fine and imprisonment in the city . . . or county jail, or punishable by fine or such imprisonment, (which offenses include what are known as high grade misdemeanors). . . . The legislature shall provide by general law for the constitution, regulation, government and procedure of municipal courts, and for the jurisdiction thereof except in the particulars otherwise specified in this section, and for the establishment of municipal courts in cities (of the size and character above specified). . . . Upon the taking effect of such general law, a municipal court may be established in such cities (upon the completion of certain preliminary steps)' (Stats. 1923, p. 1679).

"If it be conceded for the moment that the above quoted provisions of section 28 of the act of 1925 and of section 1462 of the Penal Code are not in excess of the terms of the Constitution upon grounds later to be discussed, it seems plain that the jurisdiction attempted to be conferred upon the municipal courts by them is exclusive and that the sections have ousted the former jurisdiction of the superior courts over the same matters. So much is apparent from *Green* v. *Superior Court,* 78 Cal. 556 [21 Pac. 307, 541]. In that case it appeared that jurisdiction over certain offenses had been vested by the Constitution (art. VI, sec. 5) in the superior court when 'not otherwise provided for.' Jurisdiction over the same offenses was later conferred by statute upon the police court of the city and county of

San Francisco, which court was created by the legislature under appropriate provisions of the Constitution. Green was indicted in the superior court in and for the city and county of San Francisco for the commission of one of those offenses. He asked the Supreme Court for the writ of prohibition to halt proceedings under the indictment, and contended that the statute conferring jurisdiction on the police court vested an exclusive jurisdiction in that tribunal. The Supreme Court upheld the contention in the following language: 'The evident purpose of the constitutional provision, as evinced by its language, is that the jurisdiction of the superior court shall be conditioned upon the establishment of other courts upon which the same jurisdiction shall be conferred, and when that condition happens, and the jurisdiction is by the legislature conferred upon such inferior courts, from that time the constitution itself transfers such jurisdiction from the superior court and vests it in the inferior courts. From that time the jurisdiction is "otherwise provided for," and the jurisdiction of the superior court at once ceases.' That part of section 5 of article VI of the Constitution which is above quoted is substantially the same as the language of the same section as it stood when it was construed in *Green* v. *Superior Court*. We are therefore of the opinion that whatever jurisdiction was vested in the municipal courts by section 28 of the act of 1925 and by section 1462 of the Penal Code is exclusive of a like jurisdiction in the superior court."

Under sections 1, 5, and 13 of article VI of the constitution as they read prior to 1923, it was within the power of the legislature to confer jurisdiction on an inferior court such as a police or justice's court of all misdemeanors, high and low, and such jurisdiction, when so conferred, thereby divested the superior court of all jurisdiction in the premises. (*Green* v. *Superior Court, supra; In the Matter of the Application of Westenberg,* 167 Cal. 309, 317 [139 Pac. 674].)

It necessarily follows, therefore, that jurisdiction over all misdemeanors may be conferred by the legislature upon a municipal or any other lawfully established court and the fact that such court is a court of record and of some greater dignity than an inferior court only makes the more certain the conclusion we have drawn.

It is also incontestably true that if jurisdiction over some misdemeanors may exist in an inferior court as to cases arising outside its territorial limits, but within the county of its location, such jurisdiction may be given over all misdemeanor cases so arising anywhere in the said county. And if it be competent, for example, to confer jurisdiction upon a justice's court or police court of Los Angeles County of any misdemeanor committed anywhere therein, it must be true that jurisdiction over every misdemeanor committed therein may be vested in such inferior courts. And if such jurisdiction may be given to inferior courts by the legislature, verily it may be given to municipal courts established under the amendments of 1923 which, although inferior to superior courts, are nevertheless superior to inferior courts.

But it has been expressly held that it is within the legislative power to confer such jurisdiction on justices' courts as to all so-called low misdemeanors arising anywhere in the county wherein the township for such court is located. (*Graham* v. *Mayor etc. of Fresno,* 151 Cal. 465 [91 Pac. 147], and in *In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029]; affirmed, 185 Cal. 647 [198 Pac. 1031].)

[1] The conclusion irresistibly follows then from the foregoing premises that jurisdiction may be given to a municipal court of all misdemeanors, high and low, arising anywhere in the county where such court is established unless the provisions of section 11 of article VI of the constitution, as amended in 1923, expressly forbid this being done. An examination of this amendment not only fails to disclose any such inhibition but, on the contrary, clearly shows that said section was framed in the light of the conclusion we have above announced. The pertinent language of the amendment is as follows: "Municipal courts shall have original jurisdiction, except as hereinafter provided . . . in all criminal cases amounting to misdemeanor punishable by fine and imprisonment in the city or city and county or county jail, or punishable by fine or such imprisonment." No limitation as to territory can be found in this language. The further provision: "The legislature shall provide by general law . . . for the jurisdiction thereof except in the particulars otherwise specified in this section . . . ," gives to the legislature power to fix the jurisdiction

of said court, subject only to the previous limitations therein announced, but as to misdemeanors no limit is previously fixed. The power of the legislature as to misdemeanors is therefore practically plenary. A similar situation was before the court in *Green* v. *Superior Court,* 78 Cal. 556, 564 [21 Pac. 307], and it was there said:

"Section 13 of article 6 of the constitution provides: 'The legislature shall fix by law the jurisdiction of any inferior courts which may be established in pursuance of section 1 of this article, and shall fix by law the powers, duties, and responsibilities of the judges thereof.' Under this section the legislature has power to confer upon such courts jurisdiction in all cases not vested in some other court by the constitution. (*Gafford* v. *Bush,* 60 Cal. 149.)"

This interpretation of section 11 seems to be in direct accord with Tuttle on California Municipal Courts, section 37, pages 70–73, where it is said: "But the constitutional provisions involved in those cases (referring to decisions of other states) were somewhat different from the constitution of California, not only in the description of the courts with respect to their local nature, but also in the fact that the constitutions there involved contained no general grant of jurisdiction in terms unlimited territorially, as in California."

Again, the same author says in section 35, pages 63, 64: "As we have observed in the preceding sections, in the portion of the constitution defining the subject matter of the jurisdiction of municipal courts no express limitation is made with respect to the territorial limits within which the case must arise, but the grant of jurisdiction is in the same general terms as in the case of the superior court. Whether this results in giving to municipal courts as broad a jurisdiction territorially, within the limits of the subject matter, as is granted to the superior courts, depends upon whether any other provisions of the constitution peculiar to municipal courts operate directly to impose territorial limitations, or indirectly in that regard by permitting the legislature to do so."

It seems also that section 1462 of the Penal Code has been happily framed in accord with the reasoning above set forth, for this section attempts to confer upon any municipal court jurisdiction of all misdemeanors of all grades arising

anywhere in the county. It would certainly be an unjustifiable anomaly to have a municipal court with county-wide jurisdiction as to some misdemeanors but with local jurisdiction only as to all others. [2] After all, our law divides crimes into felonies and misdemeanors, and high and low grade misdemeanors are not known to our law as such. The name is a relic of the common law, and no legal reason exists or can be imagined under our system for a constitutional distinction between classes of misdemeanors. (Pen. Code, secs. 16, 17.)

[3] We therefore conclude that as to all misdemeanors committed in counties having one or more municipal courts therein, the superior court has been bereft of its jurisdiction thereof, and as to all such misdemeanors, high and low, so committed, the municipal court or courts have original jurisdiction thereof. The fact that the civil jurisdiction conferred upon municipal courts may not be so broad as that applicable to misdemeanors furnishes no insuperable argument against the conclusions above announced. In counties in which large cities such as Los Angeles are located, where all departments of the superior court are crowded with business, these municipal courts have doubtless been authorized to relieve the congestion by transferring all misdemeanor cases not otherwise disposed of to the new courts. (See *Green* v. *Superior Court, supra.*) And if these courts be not given county-wide jurisdiction in such cases, this legislation will have largely failed in its purpose. This fact is entitled to some weight in ascertaining the intent of the framers of the constitutional amendments and the legislation thereunder.

It is asserted that in *Bakkenson* v. *Superior Court,* 197 Cal. 504 [241 Pac. 874], views have been expressed which are opposed to those expressed herein. We cannot concede this assertion to be sound. In that case we had before us a provision of said section 11 which read as follows: "In any city or in any city and county where such municipal court has been established, and in townships situated in whole or in part in such city or city and county, there shall be no other court inferior to the superior court except as herein provided." The facts were that a Los Angeles County township lay territorially partly within and partly without the cities of Los Angeles and Long Beach, wherein

had been established municipal courts. The point decided was that said township did not lose outright its identity, its existence, nor its ordinary jurisdiction because partly within said cities. It only lost its jurisdiction over that portion of the township territory lying within the cities, but as to that portion lying without, it retained its territorial integrity and its ordinary jurisdiction of causes. In answering the contention that such township and its jurisdiction had been obliterated, the court, among other things, said: "But it nowhere appears from said amendment when considered as a whole that it was the intent of those who framed it to disturb to the extent of destroying the judicial organization within those portions of such affected townships as lay outside of the limits of those municipalities which had decided to set up municipal courts within their said limits. To so interpret the particular language of the portion of said amendment upon which the petitioner relies and which is above excerpted, would be to give to the amendment as a whole the effect of either taking away from the inhabitants of the portion of such townships as lay without the bounds of such municipalities their already established justices' courts, leaving them without tribunals for the institution and trial of causes within the jurisdiction of such court, or of extending the jurisdiction of the municipal courts of contiguous cities over such outlying territory, neither of which results is thinkable as within the intent of the framers of this amendment to the constitution, since to give it such an interpretation would be to take away from the inhabitants of such outlying territory their already established system of justices' courts and township officers by the vote of the electorate of an incorporated municipality of which they form no part, and to substitute in place thereof a system of municipal courts in the establishment of which and in the selection of the judges and other officers of which they would have no vote or voice."

But the extension of the jurisdiction of the municipal court throughout the township and county as to one set of offenses only is a far different thing from destroying a township government outright. Indeed, early in said opinion the court, in speaking of the jurisdiction of the municipal courts, said that they were "confined in some respects as to their jurisdiction and functions to the terri-

torial limits of the municipalities thus resolving to establish the same," thereby showing that the court had in mind that they might in some cases have extraterritorial jurisdiction. Again, this transfer of jurisdiction as to high-grade misdemeanors takes nothing whatsoever from the jurisdiction of any of the justices' courts; it only subtracts from the jurisdiction of the superior court, which was always county-wide as to the offense here involved.

We are entirely satisfied that petitioner was convicted in a court that had no jurisdiction whatsoever over the offense charged against him.

The petitioner is discharged.

Shenk, J., Waste, C. J., Curtis, J., Langdon, J., and Seawell, J., concurred.