[Crim. No. 1816.   Second Appellate District, Division One.—June 27, 1929.]

In the Matter of the Application of HENRY LEACH and FORREST HUGGINS for a Writ of Habeas Corpus.

Arthur B. Rose, John A. DeWeese and Josiah Coombs for Petitioners.

Buron Fitts, District Attorney, and Florence M. Woodhead and B. J. Scheinman, Deputies District Attorney, for Respondent.

YORK, J.—This is an application for a writ of *habeas corpus* on behalf of petitioners Henry Leach and Forrest Hug-

gins, who were charged by information filed by the district attorney, and were convicted thereon in the Superior Court of the state of California in and for the county of Los Angeles, juvenile department, and sentenced to imprisonment for the offense of contributing to delinquency, a misdemeanor. The charge was of the character defined under the Juvenile Court Law, section 21. (Stats. 1915, p. 1247.)

In this proceeding, apparently both the petitioners and the parties appearing in opposition to the petition desire the court to pass upon the question as to whether or not the constitutional amendment, section 5, article VI (Stats. 1927, p. 2390), and Sections 11 and 13 of article VI of the Constitution, and the Municipal Court Act of 1925 (Stats. 1925, p. 648), have entirely taken from the jurisdiction of the superior court and placed in the municipal court the sole right and exclusive jurisdiction to hear informations charging offenses under the Juvenile Court Act, and particularly as to the offense of contributing to delinquency, a misdemeanor.

It is stated, however, by the parties appearing as respondents to the writ of *habeas corpus,* and is not denied by the petitioners, that the offense charged was not committed in the city of Los Angeles, but committed outside the said city, in the county. In fact, the petition does not allege that this act was committed in the city of Los Angeles, or that it was charged that the act was committed within the city of Los Angeles. Therefore, the matter will be determined upon the hypothesis that the offense charged in the information was charged as having taken place outside of the city of Los Angeles and in the county of Los Angeles.

The Constitution (art. VI, sec. 11, as amended November 4, 1924), provides that "Municipal courts shall have original jurisdiction, except as hereinafter provided, . . . in all criminal cases amounting to misdemeanor punishable by fine and imprisonment in the city or city and county or county jail, or punishable by fine or such imprisonment. . . . The legislature shall provide by general law for the constitution, regulation, government and procedure of municipal courts, and for the jurisdiction thereof, except in the particulars otherwise specified in this section. . . . " The Constitution further provides (art. VI, sec. 13, as amended in November, 1928): "Notwithstanding any provision contained in this

article, the legislature may fix by the law the jurisdiction of municipal courts and inferior courts in cities having municipal courts which may be established in pursuance of this article, and may fix by law, the powers, duties, qualifications and responsibilities of judges thereof. Any action taken by the legislature in fixing exclusive jurisdiction of municipal courts in cases at law is hereby ratified and confirmed.'' (Stats. 1927, p. 2391.)

The Municipal Court Act, paragraph 4, as amended in 1925, provides: ''In each city or city and county, in which a municipal court is established as herein provided, there shall be no other court inferior to the superior court unless it be a court having jurisdiction in cases in which the claim or demand is fifty dollars or less. Upon the establishment of a municipal court as herein provided all existing inferior courts, except as above provided, in the city or city and county wherein such municipal court is established and in a township situated wholly within such city or city and county, shall be superseded by the municipal court, . . . '' (Stats. 1925, p. 648.)

Paragraph 28 provides: ''Each municipal court shall have original jurisdiction in all criminal cases amounting to misdemeanor, punishable by fine or imprisonment in the city or city and county, or county jail, or punishable by fine or such imprisonment where the offense charged was committed within the county in which the municipal court is established.'' (Stats. 1925, p. 648.)

The new section of the Penal Code, section 1462, adopted in 1925 [Stats. 1925, p. 948], provides: *''Jurisdiction of municipal courts in misdemeanor cases.* Whenever a municipal court shall have been established, as provided by law, such court shall have exclusive jurisdiction of all misdemeanors punishable by fine or by imprisonment, or by both such fine and imprisonment, committed in the city, or city and county where such municipal court is held; and of all proceedings for violation of any ordinance of said city, both civil and criminal, and of all actions for the collection of any license required by any ordinance of said city or city and county. In all cases in which the said municipal court has jurisdiction, it shall have the power to try and determine the same, convict or acquit, pass and enter judgment

and carry such judgment into execution, as the case may require, according to law. In each city wherein a municipal court shall have been established, such courts shall also have jurisdiction over any misdemeanor committed in the county in which such city is located."

It will be noted that the last paragraph of this section specifically provides that in each city where a municipal court shall have been established, that such courts shall have jurisdiction over any misdemeanor committed in the *county*, while in the first part of said section it is provided that wherever a municipal court is established, as provided by law, such court shall have exclusive jurisdiction of all misdemeanors punishable by fine or by imprisonment, or by both such fine and imprisonment, committed in the *city*, or in the city and county, where such municipal court is held.

By the use of the term "exclusive" in the first paragraph of this section, and by the use of the words "shall also have jurisdiction over any misdemeanor committed in the county," etc., it is apparent that such section intends to give to the municipal court jurisdiction as to any misdemeanor committed in the county, concurrent with the jurisdiction of justices of the peace, or other inferior courts, when the particular misdemeanor is one within their various jurisdictions; but it does not necessarily follow that a concurrent jurisdiction is retained in the superior court. *In the Matter of the Application of Luna for a Writ of Habeas Corpus*, 201 Cal. 405 [257 Pac. 76], the Supreme Court held in effect that the Superior Court of Los Angeles County, since the creation of the municipal court, had no jurisdiction whatever over any misdemeanor.

■ We do not share the fears of counsel for respondents, that the plan and purpose of the Juvenile Court Law will be frustrated or impeded by an interpretation of the law whereby the municipal court, in any county wherein such court exists, is given exclusive jurisdiction over misdemeanors committed in violation of section 21 of the Juvenile Court Law. Proceedings under that law (except those which constitute offenses by persons other than the wards of the court) are not of a criminal nature. (*Matter of Edwards, ante*, p. 541 [278 Pac. 910], and cases there cited.) It is our opinion that the jurisdiction and powers of the

juvenile court, aside from prosecutions under said section 21, are not involved in this decision.

The petitioners, Leach and Huggins, are discharged from custody.

Conrey, P. J., and Houser, J., concurred.