[Crim. No. 2198. Second Appellate District, Division Two.—April 20, 1932.]

In the Matter of the Application of FERMIN GAMO for a Writ of Habeas Corpus.

Dudley R. Furse for Petitioner.

Buron Fitts, District Attorney, Tracy Chatfield Becker, Deputy District Attorney, and Florence M. Woodhead for Respondent.

FRICKE, J., *pro tem.*—Petitioner was on March 2, 1932, tried and convicted in the Superior Court of Los Angeles County of the crime of contributing to the delinquency of a minor (sec. 21, Juvenile Court Act), and sentenced to serve two years in the county jail, the last year of such sentence to be suspended.

The sole contention of petitioner is that the superior court had no jurisdiction of the subject matter and that the jurisdiction of the offense charged is vested exclusively in the Municipal Court of the City of Los Angeles.

The state Constitution declares that "the superior court shall have original jurisdiction . . . in all criminal cases amounting to a felony, and cases of misdemeanor not otherwise provided for. . . . " (Art. VI, sec. 5.) This language has remained unchanged since the adoption of the Constitution. Its effect is to confer upon the superior court original jurisdiction to try and determine all criminal cases, misdemeanors as well as felonies, with the proviso that as to misdemeanors jurisdiction thereof may be taken from the superior court. When, therefore, the legislature has conferred upon a court other than a superior court original jurisdiction of certain misdemeanors, such other court has exclusive jurisdiction of such misdemeanors and, as to them, the superior court is without jurisdiction. (*Green* v. *Superior Court,* 78 Cal. 556 [21 Pac. 307, 541]; *Ex parte Wallingford,* 60 Cal. 103; *Union Ice Co.* v. *Rose,* 11 Cal. App. 357 [104 Pac. 1006]; *People* v. *Cory,* 26 Cal. App. 735 [148 Pac. 532]; *People* v. *Y. Wong,* 61 Cal. App. 497 [215 Pac. 409]; *In re Luna,* 201 Cal. 405 [257 Pac. 76]; *In re Leach,* 99 Cal. App. 645 [279 Pac. 157].) The legislature has this power. (*Green* v. *Superior Court, supra; In re Westenberg,* 167 Cal. 309 [139 Pac. 674]; *In re Luna, supra.*)

Section 11 of article VI of the Constitution provides for the establishing of municipal courts, and as to their jurisdiction in criminal cases declares: "Municipal courts shall have original jurisdiction except as hereinafter provided . . . in all criminal cases amounting to misdemeanor pun-

ishable by fine and imprisonment in the city or city and county or county jail, or punishable by fine or such imprisonment.'' Section 28 of the Municipal Court Act (Stats. 1925, p. 648) made the same provision. Section 1462 of the Penal Code as originally adopted (Stats. 1925, p. 948) conferred original jurisdiction of all misdemeanors upon the municipal court and provided that, in cases of misdemeanor committed within the city in which such a court should be established, the jurisdiction should be exclusive. Section 11 of article VI of the Constitution also provided that ''the legislature shall provide by general law for the constitution, regulation, government and procedure of municipal courts, and for the jurisdiction thereof except in the particulars otherwise specified in this section''. Section 13 of the same article provided: ''Notwithstanding any provision in this article, the legislature may fix by law the jurisdiction of municipal courts and inferior courts in cities having municipal courts which may be established in pursuance of this article, and may fix by law the powers, duties, qualifications and responsibilities of judges thereof.''

Such was the status of the law at the time that the jurisdiction of the superior court to try a case of misdemeanor was challenged in the case of *In re Luna*, 201 Cal. 405 [257 Pac. 76]. The petitioner there was convicted in the superior court of a sale of liquor in violation of the Wright Act (Stats. 1921, p. 79), and the Supreme Court sustained the contention that the constitutional and statutory provisions conferring jurisdiction of *all* misdemeanors upon the municipal court, followed by the establishing of such a court in Los Angeles County, ''otherwise provided for'' the jurisdiction over misdemeanors and divested the superior court of that county of all of its former jurisdiction over such offenses. Under the law as there declared the decision would have been the same had the petitioner been convicted of any other misdemeanor punishable by fine or imprisonment in the city or county jail.

Following the decision of *In re Luna, supra,* the legislature in 1929, under its constitutional authority to provide by law for the jurisdiction of municipal courts, amended section 1462 of the Penal Code by adding to the former provision conferring upon municipal courts jurisdiction in all cases of misdemeanor the qualification ''except those of which the juvenile court is given jurisdiction'' (chap. 476, p. 837,

Stats. 1929), and amended section 28 of the Municipal Court Act to read: ''Each municipal court shall have such jurisdiction in criminal cases as is now provided in section 1462 of the Penal Code of California or as may hereafter be determined by the legislature'' (chap. 477, p. 837, Stats. 1929). The law has since remained unchanged. The only decision of an appellate court since 1929 passing upon the question of jurisdiction here involved is that of *People* v. *Superior Court of San Bernardino County*, 104 Cal. App. 276 [285 Pac. 871]. The court there, in holding that justices' courts have no trial jurisdiction of a prosecution for contributing to the delinquency of a minor, also held that while the juvenile court has jurisdiction in such a case to impose a penalty where the defendant enters a plea of ''guilty'', the jurisdiction to try the cause in the event of a plea of ''not guilty'' is in the superior court. The case, however, does not dispose of the point here raised by petitioner, who contends that, since, under the Municipal Court Act as originally adopted, all jurisdiction over misdemeanors is taken from the Superior Court of Los Angeles County, it being a county in which municipal courts were established (*In re Luna, supra*), the effect of the adoption of that act was to repeal all provisions in the Juvenile Court Act giving the juvenile court jurisdiction over certain misdemeanors, and that, when the legislature later amended the law so it provided that municipal courts shall have jurisdiction of all misdemeanors ''except those of which the juvenile court is given jurisdiction'', the attempt of the legislature to create an exception was ineffectual because the exception referred to a jurisdiction of the juvenile court which had ceased to exist because of such repeal.

It is elementary that in dealing with an alleged repeal of a statute by implication the intent of the legislature is an important factor for consideration. The history of the legislation here involved most strongly tends to show that the effect of the Municipal Court Act, to take from the jurisdiction of the juvenile court those misdemeanors, which had long been assigned to it by law, was wholly unintended by the legislature, and that as soon as the inadvertence was discovered, no doubt through the medium of the Luna case, prompt action was taken by that body to return to the juvenile court the jurisdiction, which it never was the legislative intent to transfer to any other tribunal. Certainly

there is nothing to indicate any intent to repeal any part of the Juvenile Court Act, especially since municipal courts can, under the law (Stats. 1925, p. 648, sec. 1), be established only in cities having a population in excess of forty thousand and the Municipal Court Act could operate to deprive the juvenile court of jurisdiction only in those counties where municipal courts were lawfully established.

The adoption of the Municipal Court Act did not, therefore, repeal any portion of the Juvenile Court Act, but had the effect only of superseding the jurisdiction of the juvenile court to try misdemeanors in counties where municipal courts were established. In all other counties the provisions of the Juvenile Court Act were not in any degree affected. The legislation of 1929, excepting from the jurisdiction of municipal courts the misdemeanors ''of which the juvenile court is given original jurisdiction'', removed from the jurisdiction of municipal courts the latter class of misdemeanors, and, there being no longer any other provision therefor, the jurisdiction returned to the superior court, of which the juvenile court is a division and which, under the Constitution, has jurisdiction of all misdemeanors ''not otherwise provided for''. (Const., art. VI, sec. 5.) This the legislature clearly had power to do under its authority to fix by law the jurisdiction of municipal courts. (Const., art. VI, sec. 13.) The intent of the legislature of 1929 to restore to the juvenile court and superior court the entire jurisdiction over misdemeanors, which it possessed prior to the adoption of the Municipal Court Act, is clear and must be given effect. The juvenile court, therefore, had jurisdiction to conduct the proceedings herein up to the time that petitioner entered his plea of ''not guilty'', and therefore the superior court had jurisdiction to try and sentence petitioner upon his conviction. (*People* v. *Superior Court of San Bernardino County, supra.*)

The writ is denied and the petitioner is remanded.

Works, P. J., and Thompson (Ira F.), J., concurred.