[Sac. No. 5714. In Bank. Nov. 4, 1946.]

JOHN ANDREWS, Petitioner, v. THE SUPERIOR COURT OF SAN JOAQUIN COUNTY et al., Respondents.

Alfred J. Hennessy and Peter Wedvig for Petitioner.

Joseph C. Tope, City Attorney (Stockton), and H. C. Stanley, Assistant City Attorney, for Respondents.

CARTER, J.—Petitioner, John Andrews, was charged in 1935 by a complaint filed in the Police Court of the City of Stockton with contributing to the delinquency of a minor, a violation of the Juvenile Court Law (Stats. 1915, [p. 1225], § 21, now Welf. & Inst. Code, § 702). He pleaded guilty (there is a dispute in that regard) to the charge and was given a jail sentence the execution of which was suspended on condition that he leave the city of Stockton.

The Police Court of Stockton was established by the charter of that city and, by that instrument, "is vested with all judicial powers granted by law to police courts of chartered municipalities." (Stockton Charter, art. XXI, § 2; Stats. 1923, p. 1371.) And "Said police court shall have exclusive jurisdiction of all misdemeanors punishable by fine or by imprisonment or by both such fine and imprisonment committed within the corporate limits of the city. It shall also have exclusive jurisdiction of all actions for the recovery of any fines, penalties or forfeitures prescribed for the breach of any ordinance of the city, of all actions founded upon any obligation or liability created by any ordinance and of all prosecutions for any violation of any ordinance. Said police court shall have jurisdiction, in all civil cases, concurrently with the justices' court of all actions and proceedings arising within the corporate limits of the city and which might be tried in such justices' court." (Stockton Charter, art. XXI, § 3; as amended, Stats. 1927, p. 2151; see *In re Lovall,* 207 Cal. 544

[279 P. 452].) Presumably the court was created pursuant to the following constitutional provision: "It shall be competent, in all charters framed under the authority given by section eight of this article, to provide, in addition to those provisions allowable by this Constitution, and by the laws of the State as follows:

"1. *For the constitution, regulation, government, and jurisdiction of police courts,* and for the manner in which, the times at which, and the terms for which the judges of such courts shall be elected or appointed, and for the qualifications and compensation of said judges and of their clerks and attaches; and for the establishment, constitution, regulation, government and jurisdiction of municipal courts and judges thereof, with such civil, criminal and magisterial jurisdiction as by law may be conferred upon inferior courts and judges thereof; and for the manner in which, the times at which and the terms for which the judges of such courts shall be elected or appointed, and for the qualifications and compensation of said judges and of their clerks and attaches; provided, such municipal courts shall never be deprived of the jurisdiction given inferior courts created by general law.

"In any city or any city and county, when such municipal court has been established, there shall be no other court inferior to the superior court; and pending actions, trials, and all pending business of inferior courts within the territory of such city or city and county, upon the establishment of any such municipal court, shall be and become pending in such municipal court, and all records of such inferior courts shall thereupon be and become the records of such municipal court." (Emphasis added.) (Cal. Const., art. XI, § 8½(1).)

We do not believe that the foregoing constitutional provision was intended to authorize cities, by charter provision, to confer jurisdiction, either exclusive or concurrent, upon police courts to administer the juvenile court law, a field of law, the administration of which has rested in the superior court acting as a juvenile court ever since its inception. Manifestly it was the intent of the juvenile court law to vest exclusive jurisdiction in the superior court. The first juvenile court law was adopted in 1903 (Stats. 1903, p. 44). At that time the "juvenile court" was either the superior court or the justice or police court (Stats. 1903, p. 44, § 7), but no provision was made for the offense of contributing to the delinquency of a minor, the offense here involved. That

act was completely revised by amendment in 1905 (Stats. 1905, p. 896) but with no change here pertinent. The 1903 act was repealed in 1909 and a new act adopted (Stats. 1909, p. 213), known as the ''Juvenile Court Law.'' It was there declared that the superior court should exercise the jurisdiction conferred thereby and when so acting should be designated the juvenile court. No mention was made of justices' or police courts other than to require them to certify minors charged with crime to the superior court, and a retransfer to the inferior court in event the case was not a proper one for the juvenile court. Contributing to the delinquency of a minor was declared a misdemeanor and the *"juvenile court shall have jurisdiction of all such misdemeanors."* (Italics added.) (Stats. 1909, p. 225, § 26). These provisions remain substantially the same. (The 1909 act was replaced in 1915. Stats. 1915, p. 1225.) In 1921 an amendment was made reading (after conferring jurisdiction on the superior court in cases of contributing to the delinquency of a minor) : ''The said court shall in all prosecutions under this section, cause the defendant to be duly arraigned and plead to the charge made against him in the manner provided in the Penal Code of the State of California upon an indictment or information; and the said court shall also have jurisdiction in all cases where the defendant prosecuted under this section shall enter a plea of guilty to impose sentence or in its discretion to grant probation upon such terms as it may deem proper.'' (Stats. 1915, p. 1225, § 21, as amended, Stats. 1921, p. 773.) In 1937 most of the provisions of the 1921 act were repealed and re-enacted in the Welfare and Institutions Code. (Stats. 1937, p. 1181; Welf. & Inst. Code, §§ 550 et seq.; § 702, contains the provision here pertinent.) It has been repeatedly stated or assumed that the superior court sitting as a juvenile court has exclusive jurisdiction in juvenile court law matters and especially of cases involving contributing to the delinquency of a minor. (*People* v. *Scott*, 24 Cal.2d 774 [151 P.2d 517] ; *Matter of Maginnis*, 162 Cal. 200 [121 P. 723] ; *In re Gamo*, 122 Cal.App. 725 [10 P.2d 770] ; 14 Cal.Jur. 136 et seq.) Although by reason of the wording of section 1462 of the Penal Code, at one time it was held, that the municipal courts had jurisdiction of the offense here considered (*In re Leach & Huggins*, 99 Cal.App. 645 [279 P. 157]), the Legislature amended that section to except juvenile court law cases from the jurisdiction of municipal courts (Stats. 1929, p. 837), and

since then they do not have such jurisdiction. (*In re Gamo,* 122 Cal.App. 725 [10 P.2d 770].) ▮ The juvenile court has jurisdiction of a violation of section 702 of the Welfare and Institutions Code (contributing to the delinquency of a minor), and if a guilty plea is made, that court imposes the sentence but if the plea is not guilty the superior court has jurisdiction to try the defendant. (*People* v. *Scott, supra; People* v. *Superior Court,* 104 Cal.App. 276 [285 P. 871]; *In re Gamo, supra.*) It is of some significance that the police courts traditionally are inferior courts and have been so defined by the Legislature as follows: ''The term 'police courts' as used in this and the succeeding chapter, includes police judges' courts, police courts and all courts held by mayors or recorders in incorporated cities or towns; provided, that while hearing and disposing of cases of which such police courts have concurrent jurisdiction with justices' courts, said police courts shall function as police courts and not as justices' courts, and all fines collected in such cases shall be paid to the city treasurer of the city in which such court is located, as expressly provided in sections 1457 and 1570 of this code.'' (Pen. Code, § 1461.)

▮ It may be true generally that the grant of original jurisdiction to a particular court of a certain class of cases, without any words excluding other courts from exercising jurisdiction in the same cases, does not necessarily deprive other courts of concurrent jurisdiction in such cases (see *Hopkins* v. *Anderson,* 218 Cal. 62 [21 P.2d 560]; *Courtwright* v. *Bear River & A. W. & M. Co.* 30 Cal. 573; *O'Callaghan* v. *Booth and Deal,* 6 Cal. 63), but the whole machinery and structure of the Juvenile Court Law are geared to the superior court and that court as a juvenile court. In all prosecutions under section 702 it is required that defendant shall be duly arraigned and plead to the charge in the manner provided in the Penal Code upon an indictment or information, thus indicating superior court procedure. (Wel. & Inst. Code, sec. 702; see *People* v. *Budd,* 24 Cal.App. 176 [140 P. 714]; *Gardner* v. *Superior Court,* 19 Cal.App. 548 [126 P. 501]; *In re Sing,* 13 Cal.App. 736 [110 P. 693].) Although the charge in the instant case was against an adult (contributing to the delinquency of a minor) that offense is a part of the juvenile court law system which chiefly concerns minors. As said in *Matter of Maginnis, supra,* at page 204: ''This is the purpose declared by the opening words of the title, viz., 'an act concerning dependent and delinquent minor children, providing

for their care, custody and maintenance.' That the other 'purposes' pointed out by petitioner are *mere adjuncts to this main end—means to facilitate its proper accomplishment— seems to us perfectly clear.* The second purpose, as above stated, is to provide for 'the punishment of persons responsible for, or contributing to, the dependency or delinquency of children.' It needs no argument to show that the existence of dependent or delinquent children is detrimental to the best interests of the community. Ultimately, of course, the act seeks to prevent such dependency or delinquency. One method of doing this is to take the child out of the custody of the person who has caused or permitted it to become dependent or delinquent. Another is to punish the person who is responsible for the condition which 'is sought to be cured. Both methods are directly related to the final purpose of protecting the growing generation from conditions detrimental to its welfare.'' (Italics added.)

It was intimated in *Ex parte Dolan,* 128 Cal. 460 [60 P. 1094], that the superior court and the police court might have concurrent jurisdiction in the field of law here considered, but the question was squarely settled to the contrary in *In re Guzman,* 45 Cal.App.2d 359 [114 P.2d 46]. There defendant was convicted in the superior court of a violation of section 702 of the Welfare and Institutions Code and sought habeas corpus on the ground that the Police Court of Stockton (the same police court and charter provision here involved) had jurisdiction and not the superior court. The writ was denied, the court concluding in its opinion (p. 365) : ''We are of the opinion that the charter provision relied upon by petitioner is invalid to the extent that it purports to confer jurisdiction over this offense upon the Police Court of the City of Stockton, and hold that the superior court was the proper forum to hear and determine the cause.''

We conclude, therefore, that the police court was without jurisdiction of the offense with which petitioner was charged and it is immaterial whether he pleaded guilty or not guilty. In the former situation the superior court sitting as a juvenile court had jurisdiction to impose sentence. In the latter, the power rested in the superior court to try the case and impose sentence. Hence the judgment of the police court imposing sentence on petitioner was void.

The proceedings in this case were commenced with a motion in the police court to expunge the judgment, made some

five years after it was entered. That motion was denied. No appeal was taken from the order of denial. Six months later petitioner commenced proceedings in the superior court in mandamus to compel the police court to expunge the judgment. The superior court denied relief and petitioner appealed. This court affirmed that judgment on the ground that the writ of mandamus could not be used as a substitute for appeal even though the remedy by appeal was lost by neglect. (*Andrews* v. *Police Court*, 21 Cal.2d 479 [133 P.2d 398, 145 A.L.R. 1042].) Thereupon petitioner moved in the police court for an order correcting the minutes and judgment to show that he did not enter a plea of guilty. The motion was denied and the order of denial affirmed on appeal to the superior court. Thereafter in a pleading denominated "petition for writ of mandate" in the District Court of Appeal petitioner sought to have the superior court "grant" his appeal (the appeal last mentioned). After the writ was denied by the District Court of Appeal this court granted a hearing and an alternative writ was granted. That is the proceeding now before us.

Although the motion to correct the judgment referred to the controversy of whether or not a plea of guilty was made in the first instance in the police court it was based on all the records and files in the case. Among these records the complaint and the judgment (which were introduced) show on their face that the police court had no jurisdiction for the reasons above discussed. Under these circumstances we deem it proper to treat the motion as raising the issue of the jurisdiction of the court as did the former motion to vacate the judgment which was considered by this court in *Andrews* v. *Police Court, supra*. Petitioner duly appealed from the order of the police court denying his last motion and the order was affirmed, hence he is not using mandamus as a substitute for an appeal as he attempted to do in *Andrews* v. *Police Court, supra*. No appeal lies from the action of the superior court in this case and there is no other adequate remedy available to petitioner. (See *Redlands High Sch. Dist.* v. *Superior Court*, 20 Cal.2d 348 [125 P.2d 490]; *Portnoy* v. *Superior Court*, 20 Cal.2d 375 [125 P.2d 487].) The judgment being void its status was, as stated in *Estate of Pusey*, 180 Cal. 368, 374 [181 P. 648] : "A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither a basis nor evidence of any right

whatever.'' Such being the status of the judgment of conviction imposed on petitioner in this case, no discretion rested in the court except to expunge it from the record, and the superior court had no alternative except to order the police court to strike the judgment. The writ of mandamus running to that court is the proper remedy. (See *People* v. *Turner,* 1 Cal. 143; *People* v. *Turner,* 1 Cal. 190.)

Let a peremptory writ of mandate issue commanding the respondent to enter an order reversing the order of the police court denying the motion to correct its judgment (treated as a motion to vacate and expunge the judgment from the record) and directing the police court to strike the judgment from its record.

Gibson, C. J., Shenk, J., Traynor, J., and Schauer, J, concurred.

EDMONDS, J.—In my opinion, *Andrews* v. *Police Court,* 21 Cal.2d 479 [133 P.2d 398,.145 A.L.R. 1042], bars any relief to the petitioner and controls the disposition of the present proceeding.

As stated in the majority opinion, five years after the judgment of conviction was entered, Andrews moved in the police court to expunge it from the record. His motion was denied and he did not appeal. He then brought a mandamus proceeding in the superior court to compel that action. The superior court denied relief, and this court affirmed the judgment upon the ground that mandamus may not be used as a substitute for appeal, even if that remedy is lost by neglect. (*Andrews* v. *Police Court, supra.*)

Thereafter, petitioner moved in the police court for an order correcting the minutes and judgment to show that he did not enter a plea of guilty. The motion was denied and, upon appeal to the superior court, the order was affirmed. The petitioner then brought the present proceeding in mandamus to compel the superior court ''to grant said appeal taken by petitioner from said police court to said superior court and have the proceedings, complaint, judgment and sentence stricken and expunged from the records of said police court.'' As alternative relief, Andrews asked that in the event the motion to expunge was denied, the record be corrected to show that the plea entered by him was to ''being indiscreet.''

The petition for a writ of mandamus does not exactly fol-

low the motion made in the police court. By that motion, Andrews sought to correct the record to show the entry of a plea of "being indiscreet" rather than guilty and the settled statement on appeal specifies the same relief as the purpose of the motion. However, upon oral argument to the superior court, as noted in its memorandum of decision, Andrews sought, and by the present petition now seeks, the additional relief of having the entire record of the police court expunged upon the ground that it did not have jurisdiction over the offense.

The order now made directing the police court, by writ of mandate, to strike the judgment of conviction from its records, is reached by treating the motion of Andrews as one raising the issue of the jurisdiction of that court "as did the former motion to vacate the judgment which was considered by this court in *Andrews* v. *Police Court, supra.*" It therefore affirmatively appears that, although the motion which is the basis of the present proceeding was to correct the minutes to show facts different from those standing of record, this court has ruled upon it as one raising the question of jurisdiction as an issue of law. This is precisely the motion which this court examined in its former decision.

No authority is cited to justify the present consideration of the motion upon grounds entirely different from those stated in the police court and in its changed form it is subject to the doctrine of res judicata. Stated broadly, the judgment of a court having jurisdiction, directly upon the point in controversy, is competent and conclusive as between the same parties and their privies. (*Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636 [134 P.2d 242] ; *Sutphin* v. *Speik,* 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497] ; *Todhunter* v. *Smith,* 219 Cal. 690 [28 P.2d 916].)

In the present proceeding, as the question for decision is posed in the majority opinion, Andrews again is endeavoring to use mandamus for the purpose of obtaining the relief which might have been accorded to him had he appealed from the order denying his motion to vacate the judgment. By its prior decision, this court held that he could not use mandamus as a substitute for an appeal, and the rule of res judicata stands squarely against him.

For these reasons, in my opinion, the judgment of the superior court denying the writ of mandate should be affirmed.