[Crim. No. 965. Fourth Dist. May 25, 1954.]

THE PEOPLE, Respondent, v. ADOLPH B. SPRECKELS, JR., Appellant.

Daniel Schnabel, Royal M. Galvin and George C. Bliss for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged with the crime of assault by means of force likely to produce great bodily injury, a felony (Pen. Code, § 245), committed upon Kay Williams Spreckels on or about August 20, 1953. A jury trial was had which resulted in a verdict finding the defendant "Guilty of the crime of Misdemeanor, to wit, Simple Assault, a lesser offense necessarily included within the crime charged." Defendant's motion for a new trial and application for probation were denied. Judgment was rendered that the defendant be confined in the Orange County jail for a period of 30 days, and he appeals from the judgment and order denying his motion for a new trial. His contentions on appeal are that the superior court had no jurisdiction to convict him of a misdemeanor; that his conviction and sentence violates the due process clause of the Fourteenth Amendment to the United States Constitution; that the trial court erred in refusing to permit a witness (Hughes) to testify and in limiting cross-examination of the complaining witness.

The sufficiency of the evidence to sustain the verdict and judgment is not urged as a ground of appeal. However, a statement of the salient facts viewed in the light most favorable to the People (*People* v. *Renek,* 105 Cal.App.2d 277, 281 [233 P.2d 43]) is as follows:

Appellant and Kay Williams Spreckels were divorced. Mrs. Spreckels had custody of their two small children, with reasonable visitation rights granted to appellant. On August 19, 1953, Mrs. Spreckels was occupying an apartment four or five blocks distant from appellant's residence on Balboa Island in Orange County. The children were staying with appellant temporarily and Mrs. Spreckels spent the afternoon and evening of that day at his residence. At about 9 p. m. appellant, who appeared to be intoxicated, called Mrs. Spreckels and her mother vile names; whereupon Mrs. Spreckels threw a glass in the direction of appellant and then left the house. She

returned later and told the children's nurse that she would be over to take the children home in the morning. The following day, August 20th, around 6:30 or 6:45 a. m., Mrs. Spreckels, together with a Mrs. Reed, drove to appellant's residence to get the children. They entered the house, Mrs. Spreckels picked up some of the children's toys and went upstairs to pack them in a duffle bag. She then came downstairs and saw appellant standing in the living room. He called her vile names, grabbed her by the right arm, knocked her down, pulled her by the hair of her head over to the door, kicked her, removed one of her shoes or slippers and struck her with it several times on her head and arms. She screamed for help and lost consciousness. When she regained consciousness, she was bleeding from cuts on her forehead and arms. Doctors were called and she was taken to a hospital where she remained for a period of 10 days. Her calls for help at the time of the assault were heard by neighbors and her condition shortly thereafter was observed by the doctors and others. Testimony of these witnesses corroborated her testimony as to the injuries which she had received.

Defendant testified that Mrs. Spreckels threw a glass at him; that she started after him with a slipper; that he jerked it out of her hand, shoved her and she fell backwards; that he hit her on the hand with the slipper; that when she was on the floor, he tried to roll her to the door; that "I used the slipper and hit her on the arms several times. She would try to scratch and claw me."

Much of the voluminous evidence introduced at the trial was as to the extent of the injuries suffered by Mrs. Spreckels. However, there was ample evidence to support the verdict and judgment of conviction of simple assault and the principal questions for our determination are whether the superior court had jurisdiction to convict appellant of a misdemeanor and whether his conviction and sentence violated the due process clause of the Fourteenth Amendment to the United States Constitution.

Section 1159 of the Penal Code provides as follows:

"The jury . . . may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

This section was enacted in 1872 and insofar as material here, has not been amended since its enactment.

In *Ex Parte Donahue*, 65 Cal. 474 [4 P. 449], the defendant

was charged with the offense of assault with a deadly weapon and the judgment was rendered upon a verdict of simple assault. It was there contended that the judgment was void because the court had no original jurisdiction of the offense of which the petitioner was convicted. The court held that while justices' courts were given jurisdiction in criminal cases of assault, they had no jurisdiction of the offense of assault with a deadly weapon, that being a felony under section 245 of the Penal Code, and that the superior court is the only court which has jurisdiction over it; that the offense was one which necessarily included within it the offense of assault and a person accused of the greater offense may be convicted of the lesser. (Citing Pen. Code, § 1159.) Apparently this case has not been overruled.

In *People* v. *Carmen,* 36 Cal.2d 768, 773 [228 P.2d 281], it is held that "It is the duty of the court to instruct the jury in regard to any included offense which the evidence tends to prove" (citing numerous cases), and that "It is undoubtedly the rule that, where there is any evidence from which a reasonable inference may be drawn that the crime of which the defendant was convicted was of a lesser degree . . . it is *prejudicial* error to withdraw from the jury the consideration of such evidence and confine the instructions to the crime charged."

In 13 California Jurisprudence 2d 756-757 it is said:

"The fact that a felony charge includes a lesser offense in no way affects the jurisdiction of the superior court to try and determine the cause. Nor does the fact that a defendant is convicted of a misdemeanor that is a lesser included offense deprive the superior court of jurisdiction to pronounce judgment imposing a punishment fixed by law for the offense of which he is convicted."

In *People* v. *Fuentes,* 74 Cal.App.2d 737 [169 P.2d 391], the defendant was prosecuted on the charge of assault by means of force likely to produce great bodily injury (Pen. Code, § 245). This court there held that the defendant was guilty of the crime of battery; that as battery is a crime included in the one charged, the appellate court may reduce the judgment and direct the resentence of the defendant. (Citing *People* v. *Kelley,* 208 Cal. 387 [281 P. 609]; *People* v. *Cowan,* 38 Cal.App.2d 231 [101 P.2d 125, 135].) The crime for which the defendant was found guilty was reduced from assault by force likely to produce great bodily injury, as defined in section 245 of the Penal Code, to battery, as defined

in section 242 of the Penal Code, with instructions to the trial court to pronounce judgment on defendant for the lesser offense.

Appellant argues that article XI, section 5, of the California Constitution vests the exclusive jurisdiction of felonies in the superior courts as well as misdemeanors not otherwise provided for by the Legislature; that it has been definitely held that the Legislature may vest jurisdiction of misdemeanors in the inferior courts established by the Legislature within the county, the effect of which is to entirely deprive the superior courts of jurisdiction of all misdemeanors within the county. (Citing *In re Luna,* 201 Cal. 405 [257 P. 76] and *People* v. *Mulholland,* 16 Cal.2d 62, 64 [104 P.2d 1045].) In the Luna case the petitioner was convicted in the Superior Court in the County of Los Angeles for a violation of the statute known as the Wright Act (Stats. 1921, p. 79) (a high misdemeanor). There were two municipal courts in the county and, by statute, jurisdiction was conferred upon said courts over offenses such as that with which the defendant was charged. It was held that under the provisions of sections 1, 5 and 13 of article XI of the Constitution it was within the power of the Legislature to confer jurisdiction on an inferior court such as a police or justice court of all misdemeanors, high and low, and such jurisdiction, when so conferred, thereby divested the superior court of all jurisdiction in the premises. Section 1159 of the Penal Code was not discussed by the court and the question of jurisdiction of the superior court over an included offense was not there involved or passed upon. In the Mulholland case, at page 64, we find the following language:

" 'Article VI, section 5, of the Constitution vests the exclusive jurisdiction of all felonies in the superior courts, as well as all misdemeanors not otherwise provided for by the legislature. It has been definitely held that the legislature may vest the jurisdiction of all misdemeanors in inferior courts established by the legislature within the county, the effect of which is to entirely deprive the superior court of jurisdiction of all misdemeanors within the county. (*In re Luna,* 201 Cal. 405 [257 P. 76] ; *In re Leave and Huggins,* 99 Cal.App. 645 [279 P. 157].)' "

There is nothing in the language used in the cited constitutional provision prohibiting the Legislature from providing, as it did in section 1159 of the Penal Code, that a jury or court might find a defendant guilty of a lesser offense neces-

sarily included in the offense charged. If the offense charged is a misdemeanor under Penal Code, section 1425, the justice court has jurisdiction. But where, as here, the offense charged is a felony, jurisdiction is in the superior court.

 Appellant's contention that his conviction and sentence violated due process of law is likewise without merit. He argues that a statute so vague or indefinite as to fail to give notice of what acts should be punished, violates accused's rights to procedural due process; that a penal statute must set up ascertainable standards so that men of common intelligence are not required to guess at its meaning, either as to persons within the scope of the act, or as to the applicable tests to ascertain guilt; that the essential elements of "due process of law" are notice and an opportunity to be heard; that a defendant does not have notice of what necessarily included offenses are claimed to be embraced in the charge until the court submits the case to the jury by instructions; hence that a defendant is unable to plan his defense with certainty. However, the offense charged herein is a felonious assault by means of force likely to produce great bodily injury (Pen. Code, § 245) and the included offense is an unlawful attempt coupled with a present ability to commit a violent injury upon the person of another. (Pen. Code, § 240.) An acquittal of the higher offense is a bar to a subsequent prosecution for any lower offense necessarily included in it and a conviction of any lower offense necessarily included in the higher, is a bar to a subsequent prosecution for such higher offense. (*People* v. *McDaniels,* 137 Cal. 192, 199 [69 P. 1006, 92 Am.St.Rep. 81, 59 A.L.R. 578].) Under the circumstances presented by the record before us it is apparent that the defendant was not required to guess as to the meaning of the charge and was afforded notice and full opportunity to be heard. It does not appear that he was unable to plan his defense with certainty. As was said in *Barbeau* v. *United States,* 193 F.2d 945, 947:

"The purpose of specificity in the indictment is, primarily, to give the defendant the benefit of his Constitutional right to be informed of the nature and cause of the accusation against him and, secondarily, to protect him from subsequent prosecution for the same offense. These are practical requirements and the indictment need contain no magic formulae in order to succeed."

Finally, it is argued that the court erred in refusing to

permit the witness Hughes to testify and in limiting the cross-examination of the complaining witness. These arguments are without merit. The testimony sought to be introduced by the witness Hughes related to the activities of Mrs. Spreckels between September 23d and October 3, 1953 (after the date of the assault) and was offered to rebut her testimony that she was then suffering constant headaches and neck pains and from double vision. The trial court ruled that such testimony has so little probative value as to not be material to the trial of the case and we find no reversible error in the ruling sustaining the objection to the offered testimony. ██ As was said in *People* v. *Monson,* 102 Cal.App.2d 308, 313 [227 P.2d 521]:

"In order to predicate error on sustaining objections to a question it must appear to be relevant and material and its materiality must be so patent that injury will be presumed from the adverse ruling."

██ On cross-examination of Mrs. Spreckels, counsel for defendant sought to show that the complaining witness was attending parties and staying out late at night from September 22d through October 3d for the purpose of contradicting her testimony elicited upon direct examination that she was still suffering, at the time of trial, severe headaches and double vision. The district attorney objected and the court sustained his objection to this line of testimony. Appellant argues that the court erred in limiting cross-examination of the complaining witness as to these matters. However, from an examination of the record it does not appear to us that the defendant was prejudiced by the exclusion of any material evidence. It is the duty of the trial judge to restrict the cross-examination of witnesses to reasonable limitations (*People* v. *Navarro,* 135 Cal.App. 535, 540 [27 P.2d 652]), and we find no prejudicial error in the ruling made by the trial court.

Judgment and order affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied June 7, 1954, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1954.