[Crim. No. 2532. In Bank.—December 27, 1923.]

## THE PEOPLE, Respondent, v. WILLIAM A. BRINGHURST et al., Appellants.

[1] CRIMINAL LAW—MURDER OF POLICEMEN—VERDICT—EVIDENCE.—In this prosecution for the murder of two policemen, the contention that the evidence is insufficient to justify or sustain the verdict rendered against the defendants or either of them is without merit.

[2] ID. — CONSPIRACY — RESPONSIBILITY OF PARTIES — MURDER AS RESULT OF CONSPIRACY—QUESTION OF FACT.—Where several parties are jointly engaged in an expedition of crime and are prepared to kill any police officers or others who might interfere with their plans, all such parties are equally guilty of any crime that is the natural and probable consequence of such an enterprise, whether one of them personally commits the act, or whether its commission is done by any one or more of the associates in carrying out the common purpose; and whether or not the murder of two policemen is the ordinary and probable effect of the common de-

---

2. Homicide in carrying out unlawful conspiracy, note, 68 **L. R. A.** 193.

Homicide in resisting arrest or officers of justice, notes, 4 **Ann. Cas.** 844; 66 **L. R. A.** 353; 33 **L. R. A. (N. S.)** 144.

sign is a question of fact to be determined by the jury in a prosecution for such murder.

[3] ID.—PARTICIPATION IN ROBBERY—EVIDENCE—MOTIVE.—In a prosecution for murder of two policemen, evidence of a robbery in which the defendants participated about three days previous to the homicide was admissible as tending to show motive on the part of the defendants for the killing of the policemen.

[4] ID.—READING OF CONFESSIONS TO JURY—VOLUNTARY CHARACTER OF.—In such prosecution it was proper to read confessions by confederates of the defendants to the jury, where after investigation as to the voluntary character of the confessions the trial court determined that they were freely and voluntarily made and were not attended with any circumstances which would render them inadmissible.

[5] ID.—ACCUSATION—SILENCE OF DEFENDANT—ADMISSIBILITY OF EVIDENCE.—When a defendant, under conditions which fairly afford him an opportunity to reply, stands mute in the face of an accusation of crime, the circumstance of his silence may be taken against him as evidence indicating an admission of guilt, the reason for admitting the accusation in such cases being to explain the conduct of the accused.

[6] ID. — VENUE — EVIDENCE. — In such prosecution, the venue of the offense was proven.

[7] ID.—MOTION FOR SEPARATE TRIALS—DENIAL BY COURT—SECTION 1098, PENAL CODE.—In such prosecution, in view of section 1098 of the Penal Code conferring upon the trial court the right and discretion in reference to ordering separate trials, the trial court did not commit error in denying the motion of defendants that they be tried separately.

[8] ID.—INSTRUCTIONS.—It is not necessary that the court give every instruction requested by a defendant—although they may be proper instructions—provided the court correctly and fairly states the law governing the subject matter of the defense.

[9] ID.—CHARGE TO JURY—ABSENCE OF ERROR.—In such prosecution, while some of the instructions given, standing alone, may be subject to criticism, the charge to the jury, taken as a whole, is correct and fair, and the defendants have no reasonable ground of complaint by reason of instructions given or refused.

---

4. Admissibility of confession, upon joint trial, of one defendant tending to incriminate codefendant, notes, 4 Ann. Cas. 918; 18 Ann. Cas. 274; 2 B. R. C. 353.

5. Silence of accused on statement in his presence as a confession, notes, 25 L. R. A. (N. S.) 543; 42 L. R. A. (N. S.) 890.

APPEAL from judgments of the Superior Court of Los Angeles County and from orders denying new trials. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Walters & Mauk, R. T. Walters, Chas. I. Rosen and Nathan C. Coghlan for Appellants.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WASTE, J.—The two defendants, who are appellants here, were accused by the grand jury of Los Angeles County, jointly with James Wheaton, Calvin Rowell, and Jess Wendell, of the murder of Harry Clester and W. L. Brett, two police officers of the city of Los Angeles. The indictment was based upon a crime in which all of the defendants named therein participated. The defendants Wheaton and Rowell were tried together, as were these appellants. Wheaton and Rowell were sentenced to the state penitentiary for life. The judgment in their case was affirmed (*People* v. *Wheaton,* 64 Cal. App. 58 [220 Pac. 451]), and a petition to have the cause heard in the supreme court was denied. Bringhurst and Thompson, these appellants, were sentenced to pay the death penalty, from which judgment they prosecute this appeal.

Several assignments of error are made. [1] It is first contended that the evidence is insufficient to justify or sustain the verdict rendered against the appellants or either of them. This contention is without merit. A complete and comprehensive statement of the events preceding and leading up to the killing of Chester and Brett is to be found in the opinion of the court in *People* v. *Wheaton, supra.* It is unnecessary to do more than summarize them here. Briefly, the facts are that all of those mentioned in the indictment were together on the night of the 6th of December, 1921. All of them, except Wheaton, carried revolvers. Three nights prior thereto they had participated in a robbery. On the evening in question they planned other similar offenses, but were deterred from carrying their plans into execution and became suspicious that they were

being watched by the police. At about 11 o'clock that night they were all together in an automobile with its lights out. Witnesses narrated how the two police officers in another automobile drew alongside of that occupied by the defendants and told them to stop. The officers, who were in uniform, got out of their machine and began to interrogate the defendants, and one of the policemen started to get into the automobile with them. A number of shots were fired from the unlighted machine, in which were the defendants, and it moved rapidly away. While the shooting was going on witnesses saw the two police officers fall. It was found that each had been shot several times, and when the witnesses reached them they were lying dead in the street. A man, identified as the appellant Thompson, was seen to get out of the unlighted machine and run rapidly away during the shooting. The actions of the defendants in the days following the shooting indicated an attempt at concealment. After the arrest of Wheaton and Rowell they made statements regarding the killing of the two policemen which implicated all of the defendants.

The evidence clearly indicates that the appellants had participated in committing a robbery on December 3d, and, with their codefendants, had planned to commit burglary on the night in question. [2] The jury was justified in believing that they and the others implicated were jointly engaged in an expedition of crime, and were prepared to kill any police officers or others who might interfere with their plans. All the defendants were equally guilty of any crime that was the natural and probable consequence of such an enterprise, whether one of them personally committed the act or whether its commission was done by any one or more of the associates in carrying out the common purpose. (*People* v. *Wheaton, supra.*) Whether or not the murder of the two policemen was the ordinary and probable effect of the common design was a question of fact to be determined by the jury. (*People* v. *Kauffman,* 152 Cal. 331, 335 [92 Pac. 861].) Its finding was adverse to the contention of the appellants, and the evidence in the record amply supports the verdict.

[3] Over the objection of the defendants, the court admitted evidence of a robbery in which the defendants participated on the night of December 3, 1921. The admission

of this evidence is assigned by the appellants as reversible error. Without discussing any other points raised by the contention, the testimony was "admissible as tending to show a motive on the part of the defendants for the homicide of the two policemen. It explained why the defendants were so anxious to prevent arrest . . . Knowing that they were all guilty of the crime of robbery, it is easy to understand why they might take life before they would suffer themselves to be arrested, their crime found out, and the severe punishment meted out to them which the law affixes to the crime of robbery. (*People* v. *Pool,* 27 Cal. 572; *People* v. *Prantikos,* 164 Cal. 113–116 [127 Pac. 1029].)" (*People* v. *Wheaton, supra.*)

[4] Appellants' next contention is that the confessions of Rowell and Wheaton, read to the jury over the objection of the appellants, were incompetent evidence, for the reason that the confessions were made in the absence of either of these appellants, and appellants could not raise the question as to the confessions being free and voluntary or obtained under threat, duress, or promise. The record indicates, however, that they did raise the question and that the trial court went fully into the matter of the voluntary character of the confessions, and the circumstances under which each was made. From the evidence taken for that purpose, it was fully convinced that the confessions were freely and voluntarily made, and were not attended with any circumstances that would render them inadmissible. For another reason it was proper to read the confessions in the presence of the jury. When they were read to the appellant Thompson before the trial, he did not deny the accusatory statements, but said he had nothing to say. In the same connection the defendant Bringhurst stated there were statements in the confessions which were not correct. He did not promptly and fully deny the accusations. [5] It has become a well-established rule that when a defendant, under conditions which fairly afford him an opportunity to reply, stands mute in the face of an accusation of crime, the circumstance of his silence may be taken against him as evidence indicating an admission of guilt. The reason for admitting the accusation in such cases is to explain the conduct of the accused. (*People* v. *Lapara,* 181 Cal. 66, 71 [183 Pac. 545]; *People* v. *Gordon,* 61 Cal. App. 98 [214 Pac. 276].)

[6] There is no merit in the contention of the appellants that the venue of the offense was not proven. Witnesses testified that the shooting of the policemen, who were members of the police department of the city of Los Angeles, occurred in the street in front of or close by 543 South Lorena Street, Los Angeles, California.

[7] The trial court did not commit error in denying the motion of the appellants Bringhurst and Thompson that they be tried separately. Section 1098 of the Penal Code, as amended (Stats. 1921, p. 90), provides: "When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court order separate trials. In ordering separate trials, the court in its discretion may order a separate trial as to one or more defendants, and a joint trial as to the others, or may order any number of the defendants to be tried at one trial, and any number of the others at different trials, or may order a separate trial for each defendant."

A considerable portion of the brief for the appellants is devoted to their contention that the court erred in giving certain instructions at the request of the prosecution, and in refusing instructions requested by the defendants. Some forty specifications of error are made in this connection. We have carefully examined the instructions given and refused, and find the contention to be without foundation. The charge to the jury, given by the trial court, is full, clear, and comprehensive. It does not, in our opinion, go outside of or enlarge the case presented to the jury, yet it presents, we think, every phase of the case necessary to fully advise that body as to the law governing the facts presented for their consideration. Some of the instructions requested by the defendants were proper instructions, but the points involved were fully covered by the court in other instructions given by it. [8] It has been repeatedly held that it is not necessary that the court give every instruction requested by a defendant—although they may be proper instructions—provided the court correctly and fairly states the law governing the subject matter of the defense. (*People v. Wilson,* 61 Cal. App. 611 [215 Pac. 565].) [9] Some of the instructions given in this case, standing alone, may be subject to criticism, but the charge to the jury, taken as a whole, is correct and fair, and appellants have no reasonable

ground of complaint by reason of instructions given or refused. (*People* v. *Hatch,* 163 Cal. 368, 382 [125 Pac. 907] ; *People* v. *Lee Chuck,* 78 Cal. 317, 339 [20 Pac. 719].)

No matters relating to the trial of the appellants in any way prejudicially affecting their rights having been called to our attention, and no errors appearing warranting a reversal, the orders denying their respective motions for a new trial are, and the judgment in the case of each of the appellants is, affirmed.

Kerrigan, J., Myers, J., Lawlor, J., Lennon, J., Seawell, J., and Wilbur, C. J., concurred.

Rehearing denied.

All the Justices concurred.