[Crim. No. 1294. Third Appellate District.—December 1, 1933.]

THE PEOPLE, Respondent, v. JOE NAVARRO, Appellant.

536

W. L. Shaw for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was convicted of burglary of the second degree and sentenced to imprisonment in the state prison at San Quentin. From the judgment of commitment and from an order denying defendant's motion for a new trial he has appealed.

The defendant and two other individuals were separately charged with participating in the same burglary of certain wearing apparel at a specified time and place. Upon motion of the district attorney these three cases were consolidated for the purpose of trial. The cases were regularly set for trial for August 9, 1933. A jury was summoned for that date. On the day set for the trial, the district attorney moved to sever the causes for trial. This motion was formally objected to by counsel for the appellant, who then said, "We have gone ahead and arranged a joint defense, and this (severance) just brings confusion to the defendants in their case." The appellant's attorney, Mr. Zarick, further said: "We haven't a strenuous objection to going to trial at this particular time, but we do prefer to go to trial after Mr. Frye has his trial." The case against Frye was in no way related to the present action. The objection to the trial at that time appears to have been chiefly on account of personal convenience of counsel. A motion for continuance was then orally made and denied. This motion was not supported by affidavits and no showing was made

which would entitle the defendant to a continuance. In denying the motion for a continuance the trial judge said: "The court is not disposed to grant a continuance unless . . . legal showing is made. . . . The jury is here for the purpose of trying a case today. . . . That is not a legal showing." Thereupon, the cause was tried, and the defendant was convicted of burglary of the second degree. From this judgment and an order denying his motion for a new trial the defendant has appealed.

It is contended the court erred in denying defendant's motion for a continuance of the trial, and in other rulings with respect to the introduction of evidence during the course of the trial; and the court erred in giving and refusing certain instructions to the jury, and that the verdict and judgment are not supported by the evidence.

The three defendants were separately charged with the commission of the burglary of which the appellant was convicted. It did not constitute error for the court to grant the motion to sever their cases for the purpose of trial. The consolidation or severance of causes for trial is purely a matter of discretion with the court. Except for an abuse of discretion, the order of the court severing the trial of cases will not be disturbed on appeal. (Sec. 1098, Pen. Code; *People* v. *Bringhurst,* 192 Cal. 748 [221 Pac. 897]; *People* v. *Ford,* 81 Cal. App. 449 [253 Pac. 966].)

Neither was there an abuse of discretion on the part of the court in denying defendant's motion for a continuance of the time of trial. (*People* v. *Northcott,* 209 Cal. 639, 651 [289 Pac. 634, 70 A. L. R. 806]; sec. 1050, Pen. Code; 8 Cal. Jur., p. 209, sec. 281.) No affidavits were filed in support of the motion for a continuance, no evidence was adduced and no adequate showing was made upon which the court was warranted in granting the continuance. There is therefore no merit in the contention that the court erred in denying the motion. It does not appear that the defendant was prejudiced by the denial of this motion.

The appellant charges error in the giving of instructions which were offered by the prosecution on the ground that they are redundant, prolific and argumentative. With a single exception, no specific instruction is cited as an example of the alleged evil. We have read the entire charge and are unable to say any of the instructions are

open to serious criticism. One paragraph taken from a lengthy statement of general principles which were announced as rules to govern the jury's consideration of evidence is challenged. It includes the objectionable statement that with the jury "finally rests the duty of determining the guilt or innocence of those accused of crime, and unless you do your duty laws may as well be stricken from the statute books". This language has been criticised by the appellate courts as misleading, objectionable and in the nature of a warning to the jury. (*People* v. *Harshaw*, 128 Cal. App. 212 [16 Pac. (2d) 1025] ; *People* v. *Stevens*, 78 Cal. App. 395, 409 [248 Pac. 696].) In the present case, however, we think the objectionable language was harmless since it was immediately followed by the statement that "You should also keep in mind the importance to the accused of the result of your deliberations, and be just to him as well as to the People of the State of California." While the foregoing challenged language should have been omitted from the instruction, we are of the opinion it does not constitute reversible error.

The refusal of the following instruction, which was offered by defendant, is assigned as error. It reads: "Whenever the actual existence of any specific intent is a necessary element to constitute any degree of crime, the jury may take into consideration the fact that the accused defendant Navarro was intoxicated at the time, in determining the intent with which he committed the act, if you should believe the defendant Navarro committed such offense."

This proffered instruction was properly rejected. It invades the province of the jury by declaring as a fact that the accused was intoxicated at the time of the commission of the offense with which he was charged. The jury has the sole province of determining whether the defendant is drunk or sober. Moreover, both the subject of the effect of intoxication and the effect of the intent with which the crime was committed were elsewhere fully covered. The jury was instructed that, "Whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the

purpose, motive, or intent with which he committed the act.'' With respect to the subject of intent, the jury was further instructed: ''As to the intent or intention with which an act is committed, such intent or intention is a matter entirely within the province of the jury, who must, from a full and careful consideration of the testimony and from all of the circumstances connected with the commission of the act, arrive at a determination as to whether such act was committed with a criminal intent.'' In the following instruction, the jury was also told that ''To constitute burglary, there must be present the act and the intent. Intent must be proved as a specific element. Intent is not to be presumed from the doing of the act. Intent is a question of fact; it must be proved, as any other fact in the case . . . by evidence, direct or circumstantial.'' These instructions were as favorable to the defendant as he was entitled to. No reversible error may be predicated on the giving or refusal of instructions.

From an examination of the record with respect to the challenged rulings of the court upon the introduction of evidence, we are satisfied the defendant was not unduly restricted in his cross-examination of witnesses. It does not appear the defendant was prejudiced by the exclusion of any material evidence. It is the duty of a trial judge to restrict the cross-examination of witnesses to reasonable limitations. Nor does there appear to have been any prejudicial error in the rulings of the court upon the introduction of evidence.

From an objection which was made to the witness Tafoya referring to a slip of paper which he held in his hand, it is inferred that he was refreshing his memory regarding some memorandum which it contained. The paper was not offered in evidence. Upon inquiry, the witness said, ''This piece of paper here contains the address of some man that gave me information about this defendant.'' We have no other way of determining the contents of the paper. It does not appear the witness was doing more than to refresh his memory regarding the name and address of a man with whom he had talked about the charge against the defendant. It was neither prejudicial nor harmful for him to merely refresh his memory regarding the name and address which he said the paper contained. Moreover, it does not appear

the witness again referred to the paper after the objection was made.

The sustaining of an objection by the district attorney to the following question, to wit: "Q. As a matter of fact, Mr. Tafoya, you were advancing money for your brother's defense, is that not correct?" is assigned as error. This question was asked for the purpose of establishing the interest of the witness so as to discredit his testimony. The answer might well have been permitted. Its exclusion, however, is not prejudicial. It does clearly appear that the witness is a brother of one of the men who was separately charged as participating in the burglary with which the defendant was convicted. The very existence of their relationship is sufficient to establish the assumption that the witness was likely to be prejudiced in favor of his brother. We are not convinced that the exclusion of the further fact that he was contributing money to aid in the defense of his brother, would furnish further evidence of added prejudice in his favor. At least its exclusion is not reversible error.

The defendant appears to have had a fair and impartial trial. The judgment is adequately supported by the evidence. The record indicates there was no miscarriage of justice.

The judgment and the order are affirmed.

Pullen, P. J., and Plummer, J., concurred.