[Crim. No. 2010. First Appellate District, Division One.—June 28, 1938.]

THE PEOPLE, Respondent, v. JACK LA VERS, Appellant.

Jack La Vers, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The appellant Jack La Vers was indicted jointly with one Joe Teresi for the murder of Herbert Mc-Auley, a deputy sheriff, and upon trial he was found guilty of murder of the second degree. He appealed, and the judgment of conviction was affirmed. (*People* v. *La Vers,* 130 Cal. App. 708 [20 Pac. (2d) 967].) ▆ Approximately four and a half years later he presented a motion to the superior court wherein he was convicted, to annul and set aside the judgment of conviction, upon the ground that at most the evidence in the case proved him to be guilty only of conspiracy. He contended, therefore, that since he was neither charged with nor found guilty of conspiracy, his conviction of murder is void. After a hearing the motion was denied, whereupon he took this appeal.

The evidence upon which appellant was found guilty of murder is fully set forth in the decision rendered on the appeal from the judgment. Summarized, the facts appearing therefrom are these: On the night of the murder appellant, Teresi and a man named Kelly, in pursuance of a plan theretofore entered into between them, trailed a Packard automobile carrying illicit alcohol out of Oakland, and when it stopped temporarily at a gasoline station in San Leandro appellant and Teresi alighted from their car, pointed a pistol at the driver of the Packard, and threatened to shoot him if

he resisted. Thereupon they jumped in the Packard and fled toward San Jose, taking the driver with them, and declaring as they speeded along the highway that they would kill anyone who attempted to intercept them. Soon after they entered Santa Clara County McAuley and another deputy sheriff named Saporito took up the pursuit, and appellant and Teresi were aware of the fact that the occupants of the pursuing car were officers. The stolen car was finally overtaken and stopped in San Jose. McAuley approached it from one side and Saporito from the other, and the occupants were ordered to get out. Appellant alighted from one side and Teresi from the other, but as they did so they opened fire on the officers. Teresi shot McAuley, killing him instantly, and appellant shot Saporito in the stomach, but did not kill him. Although critically wounded Saporito grappled with appellant, and during the ensuing struggle Saporito was shot in the leg twice. Finally Saporito succeeded in felling appellant with a blow on the head and wrested appellant's pistol from him. Teresi then called to appellant to flee, and they jumped back into the automobile and drove away. Later they were captured and charged with the murder of McAuley.

The same argument now presented by appellant in support of his present motion was urged by him on the former appeal as one of the main grounds for the reversal of the judgment, but it was held to be without merit, the court saying: ▮ "Appellant contends also that under the facts established by the prosecution he was guilty of nothing more than conspiracy because admittedly he did not actually fire the shot that killed McAuley. The contention is frivolous. As already shown the evidence proves that Teresi killed McAuley while Teresi was engaged in a criminal enterprise with appellant, and it has long since been declared the law of this state that where two or more persons jointly engaged in an expedition of crime, and as here, are prepared to kill any police officers or others who may interfere with their plans, all are equally guilty of any crime that is committed as the natural and probable consequence of such enterprise, whether one of them personally commits the act or whether its commission was the act of any one or more of the associates in carrying out the common purpose. (*People* v. *Bringhurst,* 192 Cal. 748 [221 Pac. 897]; *People* v. *Wheaton,* 64 Cal. App. 58 [220 Pac. 451]; *People* v. *Kauffman,* 152 Cal. 331 [92 Pac. 861]; *People*

v. *Woods,* 147 Cal. 265 [81 Pac. 652, 109 Am. St. Rep. 151];
*People* v. *Lawrence,* 143 Cal. 148 [76 Pac. 893, 68 L. R. A.
193]; *People* v. *Vasquez,* 49 Cal. 560.)'' What was there
stated in disposing of the point applies with equal force to
appellant's motion to vacate.

On the present appeal appellant in elaborating some-
what upon the main point has cited authorities to the effect
that conspiracy is a distinct crime; and he then goes on to
argue that before one may be imprisoned for that particular
crime he must be specifically accused thereof, the accusation
must contain certain allegations of fact establishing that
crime, and there must be a verdict of guilty based on such
accusation. Manifestly, however, neither the authorities so
cited nor the argument thus advanced have any application
whatever to the present situation for the simple reason that
the specific crime here charged was murder and not con-
spiracy; and while the evidence shows that appellant con-
spired with others to engage in a criminal enterprise, it also
shows that murder was committed as a natural and probable
consequence of such criminal enterprise. Therefore, as held
on the appeal from the judgment, under the authorities
therein cited, appellant was properly charged with and found
guilty of murder.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Su-
preme Court, after judgment in the District Court of Appeal,
was denied by the Supreme Court on July 28, 1938.