[Crim. No. 1405. Fourth Dist. June 16, 1959.]

THE PEOPLE, Respondent, v. JAMES FRANKLIN YANCY et al., Defendants; JAMES WALTER WHITE, Appellant.

372

Irwin Gostin, under appointment by the District Court of Appeal, and Gostin & Katz, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David B. Allen, Deputy Attorney General, for Respondent.

MUSSELL, J. — Appellant James Walter White, James Franklin Yancy and Richard Jackson were jointly charged with the crime of assault by means of force likely to produce great bodily injury (Pen. Code, § 245). In a second count of the information they were charged with the crime of rescue in violation of Penal Code, section 4550, in that they unlawfully rescued one Leon Atkins, who was then a prisoner in the lawful custody of one Richard L. Eckert. It was also

alleged that appellant had been previously convicted of a felony. Appellant pleaded not guilty to the charges and admitted the prior conviction. He was tried jointly with two other defendants and a jury returned verdicts finding Jackson not guilty on both counts, Yancy guilty of assault by means of force likely to produce great bodily injury and of the crime of rescue as charged. Appellant was found guilty as charged in count one of the information and not guilty as charged in count two. His application for probation and his motion for new trial were denied and he was sentenced to imprisonment in the state prison. He appeals from the judgment of conviction and from the order denying his motion for a new trial, claiming that the evidence was insufficient to sustain his conviction and that the court erred in refusing to give his requested instruction as to the lesser offense of simple assault.

On May 2, 1958, at about 11 p. m., Richard L. Eckert, a policeman in the San Diego Police Department, went to a parking lot in San Diego and was asked by a store owner to help him clear the lot of certain parked cars. The officer asked one David Atkins for his driver's license and after handing it to the officer, Atkins snatched it back and fled. The officer was unable to catch him and returned to the lot, where he noticed two fellows scuffling and one of them was using foul language. One of these (Leon Atkins) was placed under arrest for disorderly conduct and the officer put a "neck lock" on him when he tried to get away. At that time Officer Williams joined Eckert and they started for the police car. A mixed crowd, most of them under the age of 25 years, grouped around the officers and they were therefore unable to move toward the car. Williams went to the patrol car and summoned assistance and, while he was gone, someone in the crowd said, "That is my cousin, let him go." Immediately thereafter Officer Eckert was struck on the left side of his head and stunned. He was again hit and both he and Atkins, whom the officer was holding by the neck, fell down together. Eckert then felt "a couple more" blows to his head and got up with Atkins still in his grip. Atkins said, "Well, I have had enough," whereupon he was released. When Eckert turned to see who had been hitting him, he was struck again in the face and knocked down. While on the ground he felt a number of sharp blows. The crowd then scattered. When Officer Williams returned from the patrol car he observed Eckert's clothes were dirty and "messed up" and that there

was blood in the vicinity of his mouth. At about that time Eckert again passed out and was taken to a hospital, where he spent two days. His injuries consisted of a concussion, contusions about his head and all over his body, and the loss of five teeth.

There was testimony that defendant Yancy placed his hands on Eckert's shoulder and hit him; that Jackson kicked and beat him; and that appellant White kicked him once. However, it was not clearly established when and where this kick struck the officer, if at all. Appellant testified that he did not hit or kick any policeman. He admitted he moved in with the crowd around the officer and that the officer and Atkins fell in front of him.

Appellant's contention that the evidence is insufficient to sustain his conviction is without merit. ██ In *People* v. *McCaffrey,* 118 Cal.App.2d 611, 618 [258 P.2d 557], it is said that the gravamen of the crime defined by section 245 of the Penal Code is the likelihood that the force applied or attempted to be applied will result in great bodily injury; that to make one guilty of a violation of said section, evidence of an actual blow is not necessary; but it is requisite that proof be made of an attempt to beat another (1) with a deadly weapon or other instrument not ordinarily defined as a deadly weapon, or (2) by means or with a force likely to produce great bodily injury. ██ In *People* v. *Hahn,* 147 Cal.App.2d 308, 311 [305 P.2d 192], it was held that the degree of force used is not as important as the manner in which it is used; that the measure to be applied to the force is whether it was likely to cause serious bodily injury; that it is not to be measured by the extent of the injuries suffered by the victim; that a conviction under the section may be had where the defendant used only his fists if the circumstances of the assault and the manner of its execution warrant the jury in finding that the force used was likely to produce great bodily injury.

The evidence in the instant case is ample to support appellant's conviction of a violation of Penal Code, section 245. ██ However, the record shows that appellant White offered and the trial court refused to give the following instruction:

"You may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, (or of an attempt to commit the offense,) if, in your judgment, the evidence supports such a verdict under my instructions.

"To enable you to apply the foregoing instruction, if your findings of fact require you to do so, I instruct you that the offense of assault by means of force likely to produce great bodily injury, of which the defendant is charged in (Count 1) the information, necessarily include the crime(s) of assault (or simple assault.)"

Appellant argues that the court erred in refusing to give this instruction and we are in accord with this argument.

In *People* v. *Carmen,* 36 Cal.2d 768, 773 [228 P.2d 281], it was held that it is elementary that the court should instruct the jury upon every material question upon which there is any evidence deserving of any consideration whatever; that the fact that the evidence may not be of a character to inspire belief does not authorize the refusal of an instruction based thereon; that that is a question within the exclusive province of the jury; that however incredible the testimony of the defendant may be he is entitled to an instruction based upon the hypothesis that it is entirely true; that it is the duty of the court to instruct the jury in regard to any included offense which the evidence tends to prove; and that where there is any evidence from which a reasonable inference may be drawn that the crime of which the defendant was convicted was of a lesser degree it is prejudicial error to withdraw from the jury the consideration of such evidence and confine the instructions to the crime charged.

In *People* v. *Spreckels,* 125 Cal.App.2d 507 [270 P.2d 513], the defendant was charged with the crime of assault by means of force likely to produce great bodily injury, a felony, and a jury found him guilty of simple assault, a lesser offense necessarily included within the crime charged. He contended on appeal that the superior court had no jurisdiction to convict him of a misdemeanor. In that case the defendant called the victim vile names, grabbed her by the right arm, knocked her down, removed one of her shoes or slippers and struck her with it several times. It was there held that there was ample evidence to support the verdict and judgment of conviction of simple assault; that the offense charged was one necessarily included within the offense of assault; and that an assault is an unlawful attempt coupled with a present ability to commit a violent injury upon the person of another. (Pen. Code, § 240.)

If the jury in the case at bar had found the appellant guilty of simple assault, we could not here hold as a matter

of law that the evidence did not support a conviction of such offense. ▮ There is evidence in the instant case that appellant either kicked at or kicked the officer, but no direct evidence when, in relation to the first attack, or that this act caused the injuries or any of them received by the victim or that the appellant herein was aiding and abetting his co-defendants. While the evidence shows that the victim received serious injuries and the jury could and did find that appellant was guilty of the offense charged, yet the question of whether his acts and conduct amounted to simple assault should have been submitted to the jury for its consideration.

In *People* v. *McCaffrey, supra,* 118 Cal.App.2d 611, at page 617, the court held that whether the blow of a fist or the kick of a shod foot was of such force as was likely to produce great bodily injury was a question of fact for the jury.

In the instant case the question of whether appellant's acts and conduct amounted to simple assault was likewise a question of fact for the jury and it was reversible error to refuse to submit this question to the jury under the circumstances shown by the record.

Judgment and order reversed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied July 14, 1959, and respondent's petition for a hearing by the Supreme Court was denied August 12, 1959.