Kenneth Eugene SUTTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16764.

Court of Criminal Appeals of Oklahoma.

July 19, 1972.

Andrew T. Dalton, Jr., Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Hanson, Asst. Atty. Gen., for appellee.

## DECISION AND OPINION

BRETT, Judge:

Appellant, Kenneth Eugene Sutton, was jointly tried with his wife and co-defendant, Rosalie Irene Sutton, for the offense of Second Degree Burglary. Kenneth Eugene Sutton, who will hereafter be referred to as defendant, as he appeared at his trial, was also confronted with an After Former Conviction of a Felony charge. The jury assessed defendant's punishment at twelve (12) years confinement in the custody of the State Department of Corrections. Judgment and sentence was imposed on defendant on May 16, 1969, after which his motion for new trial was overruled. At that time, he expressed his intent in open court to appeal his conviction. However, due to unusual circumstances, defendant's appeal was not perfected to this Court. Thereafter, defendant filed an application for post-conviction relief in the trial court under provisions of 22 O.S.1971, § 1080 et seq. On February 12, 1971, that court ordered the hearing on defendant's petition and appointed the public defender to represent him at those proceedings.

At the conclusion of the post-conviction relief hearing, the court entered an order finding that, because the second stage instructions to the jury on the after former conviction charge contained an instruction on "good time credits" for an inmate in the state penitentiary, defendant's sentence should be modified, and ordered his sentence reduced from twelve (12) years imprisonment to ten (10) years, in accordance with this Court's decision in Williams v. State, Okl.Cr., 461 P.2d 997 (1969). The order also denied defendant's contentions that his arrest was illegal and that the evidence introduced at his trial was obtained through an illegal search and seizure; but the court found that defendant lost his appeal through no fault of his own; that he was an indigent at the time of his conviction and also at the time of those proceedings; and the court found that he has no friends or relatives able to assist him in perfecting his appeal. Notwithstanding those findings, the court ordered the modification of defendant's sentence, and denied all other relief prayed for in his petition, including his appeal out of time. Notice of intention to appeal the trial court's ruling in those proceedings was timely filed and this appeal results.

During the post-conviction proceedings, defense counsel introduced into the record the full transcript of defendant's trial, the transcript of testimony of his preliminary hearing, and the record made at the hearing on his petition for post-conviction relief. In his petition now before this Court, defendant argues his appeal in two phases. The first is seeking his appeal out of time; and secondly, he urges the court to consider the appeal of his conviction for Second Degree Burglary, After Former Conviction of a Felony.

Therefore, insofar as the full record of defendant's trial and subsequent hearing is before the Court, we shall treat the matter as prayed for by defendant in his petition and brief, and as responded to by the Attorney General's brief.

After considering the proceedings on defendant's post-conviction relief hearing, we conclude the defendant is entitled to have an appeal out of time from his conviction in the District Court of Tulsa

County, Oklahoma, Case No. CRF–69–27; and further, this Court finds that defendant is entitled to have his appeal considered on its merits at this time. It is so ordered on its merits at this time. It is so or-fendant's appeal, in which instance his conviction is affirmed.

At defendant's trial the State offered the testimony of five witnesses and certain demonstrative evidence obtained from defendant's home after his arrest. The defendant did not testify at his trial and offered no other evidence.

The complaining witness was Mr. Louie Hagger, who arrived in Tulsa on January 13, 1969, and checked into the Mayo Hotel. Later that evening he left the hotel, taking his room key with him, and went to the nearby "Cheyenne Nightclub." Sometime between 11 and 12 P.M., he left the Cheyenne Club and proceeded back to the Mayo Hotel; but before he reached the hotel he was grabbed from behind, pushed into an alley, and hit on the head, which rendered him unconscious. When he regained consciousness, his coat, containing his room key, and his wallet, had been stolen. He went to the Mayo Hotel desk and secured another key; when he entered his room he discovered his two suitcases had been stolen, which contained various personal items, a Polaroid Camera, and One Thousand Dollars ($1,000.00) in currency. He said he was carrying about Five Hundred Dollars ($500.00) in his wallet when he was robbed. He notified the desk clerk that his room had been broken into and the matter was reported to the police.

Mr. Steve Girdner, a guard at the Mayo Hotel, observed on the same night a man and a woman on the mezzanine floor of the hotel carrying luggage, but said he didn't "pay too much attention to what they were carrying." He identified the defendant and his wife as being the two persons he observed.

The clerk at the Mayo Hotel desk was Mrs. Anna Gatlin. She related that Mr. Hagger came to the hotel desk after 11 P. M., that he "had a cut on his head and he was bleeding, and he said he had—that someone had knocked him in the head and taken his coat." Mrs. Gatlin gave Mr. Hagger another room key and said that he reported on the telephone, a few minutes later, that his luggage was stolen. She testified that about that time she saw a man carrying two suitcases and a woman carrying a paper bag. Since she could not leave her desk, she asked the bellman to inquire if the two people were registered in the hotel and if they were checking out. She identified the defendant and his wife as being the man and woman she saw leaving the hotel.

Tulsa Police Officer John L. Lilleskau conducted the investigation at the Mayo Hotel and presented some five photographs to Mrs. Gatlin to view, from which Mrs. Gatlin picked the defendant's photograph as being the man she observed leaving the hotel. Officer Bill Baker was instructed by radio to meet Officer Lilliskau at the defendant's residence, which he did. Officer Lilleskau's knock on the door was answered by the defendant, who was immediately placed under arrest; then the officers arrested defendant's wife. A few minutes later they took them to the Tulsa Police Department.

Defendant filed his motion to suppress the evidence obtained, asserting it was seized as a result of an illegal search and seizure. Exhibits 1 and 2 were the two suitcases admitted into evidence, which were identified as being those belonging to Mr. Hagger. Exhibit 3 was identified by Mr. Hagger as being a Polaroid Camera which had been in one of his suitcases.

After reviewing the transcript of evidence of defendant's trial, and the record of preliminary examination, we conclude that defendant's motion to suppress was properly denied.

Officer Lilleskau testified that upon arrival at defendant's residence, he placed defendant under arrest in the living room; and defendant's wife was placed under arrest in the bedroom. It appears that the officers had to wait for a brief period for

Mrs. Sutton to get dressed, during which time Officer Lilleskau observed the two suitcases in clear view under a baby bed. About 8:30 the following morning, Officer Baker executed an affidavit for issuance of a search warrant, which was properly issued.

During the progress of the trial, the court conducted an evidentiary hearing outside the presence of the jury on defendant's motion to suppress. Officer Lilleskau was the only witness to testify. Defendant's motion was overruled, and the trial continued.

■ Defendant's complaint that his arrest was illegal is without merit. The officers had sufficient probable cause to arrest defendant, based upon the information and identification provided by the hotel employees. Title 22 O.S.1961, § 196, ¶ 3, provides that a police officer may, without a warrant, arrest a person:

"When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

In the third paragraph of the syllabus to Wilson v. State, Okl.Cr., 458 P.2d 315 (1969), this Court held:

"The use of the term 'probable cause' or 'reasonable cause' itself imports that there may not be absolute, irrefutable cause. If the facts are such that a reasonable, prudent man would have believed accused guilty, and would have acted upon that belief, a police officer is justified in making an arrest without warrant, although subsequent events prove that no offense had been committed, or if committed, that accused had no connection with it, where the statute authorizes arrest without warrant when the officer has reasonable grounds for believing that the person arrested had committed a felony, although not in his presence."

We conclude also, that the search of defendant's residence and the seizure of the suitcases and Polaroid Camera was not in violation of defendant's constitutional rights, under the facts of this case.

At the trial both officers testified that they arrived at defendant's residence about 4:30 A.M., knocked on the door and the defendant came to the door. They informed him that he was under arrest, "under suspicion of a felony at nighttime." However, at the preliminary examination, they testified that they informed the defendant he was under arrest for strongarm robbery and burglary, which was based upon the information they had received. Nonetheless, the officers clearly testified they advised the defendant he was under arrest for the commission of a felony. Defendant filed the transcript of testimony of the preliminary examination which clearly reveals that the defendant offered resistance to being arrested and it became necessary to arrest him by force and handcuff him. Defendant's wife was said to have been cooperative until they left the house, when she too commenced to offer resistance. Officer Baker related that because of their resistance it became necessary to transport the defendant to jail in one scout car, and defendant's wife was transported in the other officer's scout car. They related at the preliminary examination that the reason they did not attempt to seize the suitcases at the time of the arrest was because of the resistance. They stated also that because they had observed the baby bed, they first returned to the residence to assure that an infant was not left without care. But when they returned to the residence, defendant's sister entered shortly after they did and commenced to dispose of certain items of evidence. She attempted to burn the paper on which the robbery victim's name appeared, and she threw the suitcases out the window; so, she was arrested on a misdemeanor charge of disposing of evidence. The officers then recovered the suitcases to preserve their evidence. Later that same morning Officer Baker signed an affidavit for search warrant, based upon what he had observed in the residence. About 10 o'clock that morning, with the aid of the

search warrant, other items of evidence were seized. The motion to suppress the exhibits introduced in this case was premised upon the seizure of certain items of evidence on the second trip to defendant's residence made by the officers. It was asserted that the search and seizure was unreasonable and in violation of defendant's rights. We do not agree with this contention.

■ Whether or not the search and seizure without a search warrant is unreasonable depends upon the facts and circumstances of each case. When the arrest is legal and the search and seizure is substantially contemporaneous with the arrest, then it may be said that the search and seizure was also incident to the arrest.

■ Premised upon the probable cause the officers had for defendant's arrest, there is no doubt that had they taken the suitcases at the time defendant was arrested, the seizure would have been incident to the arrest. The officers were in a place where they had a legal right to be, and the suitcases were in clear view. But Officer Baker testified they were unable to seize anything the first time they were at the residence because of the resistance offered by both parties. He also testified they did not return the second time for the purpose of seizing the evidence, but because defendant's sister was attempting to destroy it they felt it their duty to preserve the pertinent items. Under these facts they were right. See Davis v. State, 30 Okl.Cr. 61, 234 P. 787 (1925). In this case the good faith of the arresting officers was shown when Officer Baker executed an affidavit for search warrant as early as possible the following morning. We are not called upon in this case to determine whether or not other items of evidence, other than the two suitcases and the Polaroid Camera, might be admissible in some other case. But as to the suitcases, which were clearly in view when defendant was arrested, and the Polaroid Camera, those items of evidence were admissible under the facts and circumstances of this case.

■ It seems well established, when the arresting officers have sufficient probable cause to make an arrest for the commission of a felony, and while in the process of making the arrest they observe in clear view contraband, or stolen articles related to the offense committed, those items of evidence may be seized at the time of arrest as being incident to the arrest; and it logically follows, in these instances when it is impractical to obtain a search warrant and when it becomes necessary to forcefully arrest the accused person, thereby precluding the seizure of the pertinent evidence at the time of arrest, the arresting officers may return and seize, without a warrant, that evidence related to the crime which was openly observed, if their efforts are reasonable and made in good faith. This is especially true when the evidence is subject to being destroyed. A similar rule was stated in People v. Stewart, 144 Cal. App.2d 555, 301 P.2d 301, 304:

> "It is well settled that a search without a warrant is valid where it is incident to a lawful arrest, if it is reasonable and made in good faith; and that a seizure, during such a search, of evidence related to the crime is permissible."

We are therefore of the opinion that the conviction of defendant Kenneth Eugene Sutton, in the District Court of Tulsa County, Oklahoma, Case Number CRF–69–27, should be affirmed, as modified to ten (10) years in the post-conviction proceedings held in said District Court.

It is so ordered.